Dear Senator McPherson:
You have requested an opinion of the Attorney General regarding the intent and effect of Act 847 of the 2006 Regular Session. Specifically, you ask what effect Act 847 has on Title XIX beds in alternate use and Title XIX bed abeyance. Your position on this issue is well-stated in your opinion request as follows:
 My intent in authoring SB 681 (Act 847) was simply to extend the moratorium end date to July 1, 2012 and to extend the moratorium to non — Title XIX facilities and beds. The existing provisions regarding alternate use beds and the bed abeyance program were neither amended nor repealed by Act 847 nor did I intend that to do so.
Act 847 of the 2006 Regular Session amended and reenacted La. R.S.40:2116(A), (B)(2) and the introductory paragraph of (D)(2) to read as follows:
 2116. Facility need review
 A. The Department of Health and Hospitals, in accordance with the Administrative Procedure Act, shall establish a facility need review process consistent with the regulations for licensure and for Title XIX of the Social Security Act.
 B. The department shall promulgate rules and regulations in accordance with the Administrative Procedure Act to provide for facility need review. The rules and regulations shall include but not be limited to the following:
 (2) Criteria for review of nursing facility beds to determine if there is a need for additional beds.
 D. (1) The Department of Health and Hospitals shall implement a moratorium on additional beds for nursing facilities. The Department of Health and Hospitals shall not approve any additional nursing facilities or additional beds in nursing facilities through facility need review. This prohibition shall apply only to applications for new beds not approved prior to July 1, 1996, and shall remain in effect until July 1, 2012. This prohibition shall apply to the replacement of existing facilities until June 30, 2008. However, this prohibition shall not apply to an operator who has plans for a replacement facility recommended for tentative approval by the division of engineering and architectural services of the Department of Health and Hospitals on or before July 1, 2005 and who has reached vertical construction by October 1 2005. Vertical construction shall exist when all of the following criteria are met:
Prior to the enactment of Act 847 the moratorium on beds in nursing facilities set forth in R.S. 40:2116 only referenced beds licensed, enrolled or participating in the Title XIX program.
The changes made by Act 847 to R.S. 40:2116(A), (B)(2) and the introductory paragraph of (D)(2) were to extend the moratorium end date for Title XIX certified beds for nursing facilities from July 1, 2010 to July 1, 2012 and to include and extend the same moratorium to non — Title XIX facilities and beds as well. The Act added the words "licensure and for" in 2116A and deleted "to be licensed and enrolled in the Title XIX program" so that the Facility need review would apply not only Title XIX facilities and beds but would also be required for any license application regardless of whether the application involved Title XIX facilities and beds.
Act 847 also deleted the references to the Title XIX program in 2116(D)(2) and in its place inserted the broader term "additional" to refer to the moratorium on all beds for nursing facilities, whether the licensed facility participated in the Title XIX program or not.
The language used in Act 847 by the legislature points to a clear and unmistakable intent to continue the pre — existing provisions of the statute and simply requires that the facility need review process be consistent with regulations for licensure, thereby expanding coverage to licenses for non — Title XIX facilities and beds as well as Title XIX facilities and beds. The Act, as amended, merely adds to the facility need review process non — Title XIX licensed nursing facilities and beds and include all such beds in the new extended moratorium. This language is clear and unambiguous. The amendment did not indicate any intent to change the rules and regulations relating to the alternative use or bed abeyance. If this were intended then a specific statement or reference to such intent would have been expressed by the legislature.
The following rules of statutory interpretation and construction are applicable to the issue presented.
LSA-C.C. Art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
 LSA-C.C. Art. 10. Language susceptible of different meanings
 When the language of the law is susceptible of different meanings, it must be interpreted as having a meaning that best conforms to the purpose of the law.
 LSA-C.C. Art. 12. Ambiguous words
 When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
 R.S. 1 § 3. Words and phrases; how construed
 Words and phrases shall be read with their context and according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive.
After researching the legislative history of the statute this office can find no evidence that, in amending La. R.S. 40:2116, the legislature intended anything other than to extend the DHH moratorium on nursing facilities and beds from July 1, 2010 to July 1, 2012 and to include in the moratorium both Title XIX and non-Title XIX facilities and beds. The existing provisions regarding alternate use beds and the bed abeyance program were neither amended nor repealed by the enactment of Act 847. An interpretation that would indicate otherwise would be inconsistent with LA. C.C. Art. 9.
Guided by the rules of statutory interpretation and construction noted above, we find the provisions of 40:2116, as amended by Act 847, to be clear and unambiguous and should be applied as written with no further interpretation.
We trust that this answers your inquiry.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:_______________________ RICHARD L. McGIMSEY Assistant Attorney General
 CCF/RLM/dam